IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **HILDAWN DESIGN LLC** <br> 6334 Ewe Drive <br> Clinton, OH  44216 <br><br> **Plaintiff,** <br><br> v. <br><br> **HEROIC APPAREL, LLC** <br> c/o Tennessee Registered Agent, LLC <br> 116 Agnes Rd, Ste 200 <br> Knoxville, TN  37919 <br><br> **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT: TRADEMARK INFRINGMENT; UNFAIR COMPETITION; PRELIMINARY AND PERMANENT INJUNCTION** |

Now comes Plaintiff, Hildawn Design LLC (or "Plaintiff"), by and through counsel to seek recovery from and a preliminary and, ultimately, permanent injunction against Heroic Apparel, LLC (hereinafter referred to as "Defendant") for trademark infringement, unfair competition, and dilution, as more particularly stated below:

## PARTIES

1. Hildawn Design LLC is an Ohio limited liability company with its principal place of business in Clinton, Ohio which is engaged in the business of manufacturing marketing and selling apparel and hats.

2. Upon information and belief, Defendant, Heroic Apparel, LLC, is a Tennessee limited liability company with its principal place of business located in Knoxville, Tennessee.

3. Upon information and belief, Defendant is engaged in the business of manufacturing, marketing and/or selling clothing apparel online.

**JURISDICTION AND VENUE**

4. This is a civil action seeking actual damages, preliminary and permanent injunctions, an accounting and disgorgement of Defendant' profits for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114, and Ohio common law; unfair competition, passing off, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125 and Ohio common law, and deceptive trade practices under ORC §4165.02.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1051 et. seq. and 28 U.S.C. § 1338(b).

6. Personal jurisdiction in this District is proper inasmuch as Defendant' infringing activities take place in the State of Ohio, Defendant' commercial activities are directed at Ohio residents, and Defendant have solicited and conducted business within the State of Ohio.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3).

**FACTUAL BACKGROUND**

8. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 7 as if fully rewritten herein.

9. Plaintiff is engaged in the business of designing, marketing, creating, and distributing clothing apparel and hats throughout the United States.

10. Plaintiff spends a great deal of time, effort, creativity and money designing, advertising, and offering for sale such clothing apparel and hat designs under the brand name GIRLDAD®.

11. In addition to Plaintiff's common law rights in the brand name GIRLDAD®, Plaintiff is the owner of the trademark, GIRLDAD® which has been registered with the United States Patent and Trademark Office on the Principal Register.

12. The GIRLDAD® trademark is the subject of U.S. Trademark Registration No. 5,192,792 effective April 25, 2017, first use April 30, 2016, and first use in commerce May 28, 2016. A true and accurate copy of the GIRLDAD® Registration Certificate is attached hereto as **Exhibit 1** and made a part of this pleading. This registration is now in full force and effect, unrevoked, uncancelled, and is owned by Plaintiff.

13. The Certificate of Registration is *prima facie* evidence of the validity of Plaintiff's trademark registration, Plaintiff's ownership of the trademark registration, and of Plaintiff's exclusive right to use the trademark in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1057(b), and constructive notice of Plaintiff's claims of ownership under 15 U.S.C. § 1072.

14. The GIRLDAD® trademark has been extensively and continually used, promoted and advertised by Plaintiff since April of 2016.

15. In accordance with the provisions of 15 U.S.C.A. §1111 Plaintiff's trademark as used in association with Plaintiff's apparel and hats are consistently accompanied by the letter R enclosed with a circle ® to designate their registered trademark status.

16. Plaintiff's trademarked clothing apparel and hats, including the GIRLDAD® brand, has been and are advertised and available to view on online shopping platforms including, but not limited to Plaintiff's website, Etsy.com, Amazon.com, as well as through advertisements on Twitter, Instagram, and Facebook, and through social media posts made by influencers who were provided with promotional goods.

17. Upon information and belief, Defendant has manufactured, advertised and sold merchandise identified with the GIRLDAD® mark, which is confusingly similar to Plaintiff's

trademark.  Examples of Defendant's use of the infringing marks are attached hereto as **Exhibit 2 and Exhibit 3.**

18. Plaintiff sent a cease and desist letter to Heroic Apparel, LLC in February 2024, noticing Defendant of the trademark infringement and likelihood of confusion caused by Defendant's use of the trademark GIRLDAD® in the marketing and sale of wearing apparel and hats.  Despite such notice Defendant continued to sell merchandise identified with the GIRLDAD® mark, which is confusingly similar to Plaintiff's merchandise.

19. The use of the mark GIRLDAD® by Defendant is likely to induce persons to buy, use and recommend Defendant's products when instead they intend to buy, use and recommend Plaintiff's products.  Such deception and mistake will cause great damage to Plaintiff and erode the goodwill that Plaintiff has developed.

20. Defendant is unfairly trading on and appropriating the reputation and goodwill of Plaintiff as represented by Plaintiff's trademark and is thereby deceiving the public.

21. Defendant's use of the trademark GIRLDAD® is damaging and will continue to damage Plaintiff substantially and irrevocably unless restrained by this Court.

22. Upon information and belief, the Defendant undertook all of these activities despite prominent notices of the registered trademark.  Further, the Defendant refused to cease and desist in its infringing activities after receipt of Plaintiff's cease and desist notifications. The Defendant's actions have thus been committed with either actual knowledge or with reckless disregard that its actions constituted trademark infringement, and as such constitute willful trademark infringement.

## COUNT I

## TRADEMARK INFRINGEMENT

23. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if fully restated herein.

24. Defendant's production of the clothing apparel and hats bearing the GIRLDAD® trademark infringes on Plaintiff's trademark, in violation of 15 U.S.C. §1114.

25. Defendant's conduct in infringing Plaintiff's trademark has been and continues to be willful, and in wanton disregard of Plaintiff's rights.

26. Plaintiff has suffered damages as a result of Defendant's infringement of its trademark.

27. Defendant is liable for all of Plaintiff's actual damages, being the amount of profit Plaintiff would have earned from the sales of the Defendant's infringing clothing apparel and hats.

28. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

29. Plaintiff is entitled to a preliminary and, ultimately, permanent injunction pursuant to 15 U.S.C. §1114 prohibiting Defendant from infringing Plaintiff's trademark rights, including but not limited to an injunction prohibiting (1) further creation, use, or distribution of clothing apparel and hats bearing the trademark and any derivatives thereof, including copies of all designs of clothing apparel and hats based on the infringing trademark; (2) designing, manufacturing, marketing, or distribution of designs based on the trademark; and (3) any other use of this or any other of Plaintiff's trademark.

30. Unless enjoined by this Court, Defendant will continue their unlawful conduct and cause additional injury to Plaintiff for which there is no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION

31. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 30 as if fully restated herein.

32. Defendant' use of Plaintiff's trademark, GIRLDAD® constitutes an act of unfair competition in violation of 15 U.S.C. §1125.

33. By utilizing Plaintiff's trademark, Defendant has falsely led the public to believe that the source and origin of the trademark is that of the Defendant's and not of the Plaintiff.

34. Defendant's violations of 15 U.S.C. §1125 has been intentional, willful, malicious, fraudulent and/or in bad faith.

35. Plaintiff has suffered damages and is entitled to compensation as a result of Defendant's willful and intentional representations.

36. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

## COUNT III
## OHIO TRADEMARK INFRINGEMENT

37. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 36 as if fully restated herein.

38. Defendant's production of the clothing apparel and hats bearing the GIRLDAD® trademark infringes on Plaintiff's trademark in violation of O.R.C. §1329.66 and Ohio Common law.

39. Defendant's conduct in infringing Plaintiff's trademark has been and continues to be willful, and in wanton disregard of Plaintiff's rights.

40. Plaintiff has suffered damages as a result of Defendant's infringement of its trademark.

41. Defendant is liable for all of Plaintiff's actual damages, being the amount of profit Plaintiff would have earned from the sale of the Defendant's infringing clothing apparel and hats.

42. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

43. Plaintiff is entitled to a preliminary and, ultimately, a permanent injunction pursuant to O.R.C. §1329.10 prohibiting Defendant from infringing Plaintiff's trademark rights, including but not limited to a preliminary and, ultimately, a permanent injunction prohibiting; (1) further creation, use, or distribution of clothing apparel and hats bearing the trademark and any derivatives thereof, including copies of all designs of clothing apparel and hats based on the infringing trademark; (2) designing, manufacturing, marketing, or distribution of designs based on the trademark; and (3) any other use of this or any other of Plaintiff's trademark.

44. Unless enjoined by this Court, Defendant will continue its unlawful conduct and cause additional injury to Plaintiff for which there is no adequate remedy at law.

## COUNT IV

## OHIO UNFAIR COMPETITION

45. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 44 as if fully restated herein.

46. Defendant's use of Plaintiff's trademark, GIRLDAD®, constitutes an act of unfair competition in violation of O.R.C. §1345.02.

47. By utilizing Plaintiff's trademark, Defendant has falsely led the public to believe that the source and origin of the respective trademark is that of the Defendant's and not of the Plaintiff.

48. Defendant's violations of O.R.C. §1345.02 have been intentional, willful, malicious, fraudulent and/or in bad faith.

49. Plaintiff has suffered damages and is entitled to compensation as a result of Defendant's willful and intentional representations.

50. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

## COUNT V

## PRELIMINARY AND PERMANENT INJUNCTION

51. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 50 above as if fully rewritten herein.

52. If Defendant is not preliminarily enjoined, and then, ultimately, permanently enjoined from use of the trademark "GIRLDAD"® Plaintiff will suffer irreparable injury in that the exclusive use, possession, and rights of the trademark will be deprived from Plaintiff.

53. Plaintiff has no other adequate remedy at law to prevent Defendant's infringement.

54. It is more than likely that Plaintiff will succeed on the merits of its case.

55. The public interest will be served by preserving Plaintiff's individual right to exclusive use and possession of its trademark GIRLDAD®.

56. Accordingly, Plaintiff is entitled to a preliminary and, ultimately, a permanent injunction requiring Defendant to immediately take all steps necessary to cease the designing,

manufacturing, marketing, or distribution of designs based on the trademark, and to immediately cease and desist any and all further use of the trademark GIRLDAD®.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Hilary D. Wertin, dba Hildawn Design, prays that this Court enter judgment in its favor and against Defendant, Heroic Apparel, LLC as follows:

- A. That Defendant has infringed on Plaintiff's trademark GIRLDAD® under 15 U.S.C. §1114, and that such infringement has been willful;

- B. That Defendant has violated 15 U.S.C. §1125(a) and that such conduct has been willful, intentional, malicious, fraudulent and/or in bad faith;

- C. That Plaintiff be awarded compensatory damages, in an amount not yet determined, but in excess of $75,000.00;

- D. That an accounting to be done pursuant to 15 U.S.C. §1117 to determine Plaintiff's damages as a result of the infringements, as well as the profits earned by Defendant attributable to its unlawful actions and to award such damages to Plaintiff;

- E. That Plaintiff be awarded a disgorgement of the profits of the infringement pursuant to 15 U.S.C. §1114, in an amount not yet determined but in excess of $75,000.00;

- F. That a preliminary and, ultimately, a permanent injunction be entered pursuant to 15 U.S.C. §1114 enjoining Defendant from infringing upon Plaintiff's trademark including but not limited to prohibiting any other use of Plaintiff's trademark used in clothing apparel and hats.

- G. That Defendant be required to deliver for destruction all labels, signs, prints, packages, tags, wrappers, receptacles, and advertising material in their possession bearing the trademark;

- H. That Plaintiff be awarded costs associated with this action;

- I. That Defendant is liable for all attorney's fees and costs incurred hereinafter pursuant to 15 U.S.C. §1117(a).

- J. That Plaintiff be awarded damages as provided by 15 U.S.C. §1117; and

- K. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA

*/s/ Faith R. Dylewski*
Robert E. Soles, Jr. (#0046707)
Faith R. Dylewski (#0074985)
6545 Market Avenue, North
North Canton, Ohio  44721
Telephone: (330) 244-8000
Telefax: (330) 244-8002
E-mail:  bsoles@soleslaw.com
E-mail: fdylewski@soleslaw.com